# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **MAUREEN MELISSA BYAM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:19-cv-0050 |
| ) | |
| **THE GOVERNOR AND LIEUTENANT** ) | |
| **GOVERNOR, and the 33ʳᴰ LEGISLATURE of** ) | |
| **the UNITED STATES VIRGIN ISLANDS,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the report and recommendation of the Magistrate Judge. (ECF No. 8.) The Magistrate Judge recommends that the Court dismiss the complaint filed by Maureen Melissa Byam against the Governor of the U.S. Virgin Islands, Lieutenant Governor of the U.S. Virgin Islands, and the 33rd Legislature of the U.S. Virgin Islands for failing to allege a basis for federal jurisdiction. For the reasons discussed below, the Court will adopt the report and recommendation and dismiss the complaint in this matter.

### I.   FACTUAL AND PROCEDURAL HISTORY

On July 5, 2019, Maureen Melissa Byam ("Byam"), proceeding *pro se*, filed a complaint against the Governor of the U.S. Virgin Islands, Lieutenant Governor of the U.S. Virgin Islands, and the 33rd Legislature of the U.S. Virgin Islands. (ECF No. 1.) In her complaint, Byam alleges that her rights were violated on account of a "failure to pay for service as Law Doctor within U.S.V.I. Territory by reason of Criminal History." *See* Compl. at 3, ECF No. 1. Byam also alleges that the Governor of the U.S. Virgin Islands and the 33rd Legislature of the Virgin Islands have "refused to perform [their] duties." *Id.* at 3. Byam further alleges that the Governor of the U.S. Virgin Islands has "plotted against [her] physical safety and has tapped her phone & follows her around the island, without cause." *Id.* Byam seeks damages in the amount of 500,000,000 million dollars and injunctive relief directing the defendants "to follow [her] instructions so this territory can flurish [sic] as the paradise it is." *Id.* at 5.

On August 4, 2020, the Magistrate Judge entered a report and recommendation recommending that the Court dismiss the complaint for failing to allege a basis for federal jurisdiction. On August 5, 2020, a copy of the report and recommendation was sent to Byam by certified mail.[1] *See* Hard Copy Notice at 1, ECF No. 10.

To date, Byam has not objected to the report and recommendation.

## II.     DISCUSSION

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). When a party is served by mail pursuant to Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing"), the 14-day time period within which a party may object to a magistrate judge' report and recommendation is extended to 17 days. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."); *see also Pearson v. Prison Health Serv.*, 519 F. App'x 79, 81 (3d Cir. 2013) (explaining that when a party is served with a report and recommendation by mail, the period to file objections is 17 days).

When a magistrate judge issues a report and recommendation, the Court is required to review *de novo* only those portions of the report and recommendation to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3). When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d

---

[1] On August 13, 2020, the Clerk's Office received and filed a return receipt reflecting that the copy of the report and recommendation sent to Byam was returned "NOT DELIVERABLE AS ADDRESSED." *See* Certified Mail return receipt at 1, ECF No. 10. Significantly, the form complaint filed by Byam informed her that she "**must** keep the Clerk of Court apprised of [her] current contact information," including her address. *See* Compl. at 2, ECF No. 1. Further, Byam verified and agreed that she would "promptly notify the clerk of any change of address." *Id.* at 6. According, the Court considers service by mail to Byam's last known address to be sufficient.

Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error' ").

Here, Byam was served with a copy of the report and recommendation by mail on August 5, 2020. *See* Hard Copy Notice at 1, ECF No. 10. As such, the deadline for Byam to file objections to the August 4, 2020 report and recommendation was August 24, 2020. Byam has not filed any objections. Accordingly, the Court will review the report and recommendation for plain error.

To reject or modify a report and recommendation under plain error review, a district court must find "an 'error' that is 'plain' and that 'affects substantial rights.'" *United States v. Russell*, 134 F.3d 171, 181 (3d Cir. 1998) (quoting *United States v. Retos*, 25 F.3d 1220, 1228 (3d Cir. 1994)). "A 'plain' error is one that is 'clear' or 'obvious.' " *Gov't of Virgin Islands v. Lewis*, 620 F.3d 359, 364, 54 V.I. 882 (3d Cir. 2010) (quoting *United States v. Turcks*, 41 F.3d 893, 897 (3d Cir. 1994)).

Reviewing the record in this case and the August 4, 2020 report and recommendation for plain error, the Court finds no error, let alone plain error. Significantly, "[j]urisdiction in the federal courts is limited . . . and exists in only two circumstances: when a complaint asserts a cause of action under some provision of federal law . . . or when the parties are of diverse citizenship and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of costs and interest . . .." *Abulkhair v. Liberty Mut. Ins. Co.*, 441 F. App'x 927, 930 (3d Cir. 2011) (citations omitted). Moreover, "[t]he basis for federal court jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint." *Id.* This Court is unable to identify any cognizable claim under federal law from the face of

Byam's complaint. Nor is diverse citizenship apparent. As such, the Court will adopt the August 4, 2020 report and recommendation.

The premises considered, it is hereby

**ORDERED** that the August 4, 2020 Report and Recommendation, ECF No. 8, is **ADOPTED**; it is further

**ORDERED** that Maureen Melissa Byam's complaint, ECF No. 1, is **DISMISSED**; it is further

**ORDERED** that all pending motions are **MOOT**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

**Dated:** March 31, 2021                    */s/ Robert A. Molloy*
                                             **ROBERT A. MOLLOY**
                                             **District Judge**